United States District Court - District Of Massachusetts
1 Courthouse Way
Boston, Massachusetts 02210

Laurence Brown,
pro se Plaintiff

              Civil Action
v.            NO. 1:16-cv-10983-IT

Maura Healey, Attorney General
Of The Commonwealth Of Massachusetts

## Plaintiff's Motion In Opposition
## To Defendant's MOTION TO DISMISS

It is my understanding that the defendant has filed a motion to dismiss in this case. I have not received a copy of this motion. However, I will respond as best as I can.

1. For res judicata, also known as claim preclusion, to be binding several factors must all be met:

- identity in the thing at suit;
- identity of the cause at suit;
- identity of the parties to the action;
- identity in the designation of the parties involved;
- whether the judgment was final;
- whether the parties were given full and fair opportunity to be
- heard on the issue.

2. Maura Healey was not a named defendant in any of my previous cases. However, the Commonwealth Of Massachusetts was an intervener. An intervener by definition is a nonparty.

3. Neither Chief Delmonte nor the Brockton District Court, both named defendants in my prior cases, are defendant's in this case.

4. My prior state cases were primarily focused on Chief Delmonte's poor judgment and on errors in Judge Gaziano's understanding of the facts of the case. I provided evidence that Delmonte based his decision on information that was clearly not reliable and credible. I also provided evidence that Judge Gaziano completely misunderstood the evidence presented to him and had most of the facts incorrect. Although I did mention the unconstitutionally and unfairness of Massachusetts' firearms licensing laws, the relief I asked for was

that the court "*order Delmonte to renew my class A license to carry firearms*".

5. In this current federal case my only focus is the unconstitutionally of Massachusetts' firearms licensing laws. Additionally, the relief that I requested in the current case is different. In this case the requested relief is that this court "*find that Massachusetts' case by case discretionary firearms licensing laws are unconstitutional under the Second Amendment and, also, possibly the Fourteenth Amendment. The Plaintiff requests that this Honorable Court find that the Second Amendment defines a right, not a privilege, and that police chiefs do not hand out enumerated Constitutional rights.*"

6. My due process was repeatedly violated in the prior proceedings when Delmonte introduced expunged and sealed records of several dismissed and not guilty cases of malicious prosecutions against me.

MGL Chapter 276: Section 100A (Requests to seal files; conditions; application of section; effect of sealing of records) states: "*Such sealed records shall not operate to disqualify a person in any examination, appointment or application for public service in the service of the commonwealth or of any political subdivision thereof; <u>nor shall such sealed records be admissible in evidence or used in any way in any court proceedings</u> or hearings before any boards or commissions, except in imposing sentence in subsequent criminal proceedings.*"

Additionally MGL defines expungement as: "*An expungement order is a court order to remove and destroy records so that no trace of the information remains. <u>When a record is expunged, all traces of it vanish, and no indication is left behind that information has been removed.</u>*"

U.S. Code Title 18 Part 11 Chapter 229 Subchapter A Section 3607 states: "*The expungement order shall direct that there be expunged from all official records…..all references to his arrest for the offense, the institution of criminal proceedings against him, and the results thereof. <u>The effect of the expungement order shall be to restore such person, in the contemplation of the law, to the status he occupied before such arrest or institution of criminal proceedings.</u> A person concerning whom such an order has been entered shall not be held thereafter under any provision of law to be guilty of perjury, false swearing, or making a false statement by reason of his failure to recite or acknowledge such arrests or institution of criminal proceedings, or the results thereof, in response to an inquiry made of him for any purpose.*"

In spite of my requests to bar these expunged and sealed records, of dismissed and not guilty cases, of malicious prosecutions, from the prior proceedings, they were entered into evidence and used by both Delmonte and the judges to make their decisions.

My due process was further violated because the judge in Brockton District Court refused to allow me to speak even though my attorney had not even read the DC v. Heller Opinion!

It is my understanding that courts have a higher regard for certain values than others. For example, courts generally feel that society demands greater consideration for the civil and constitutional rights of individuals than for property rights. This being true, courts are more willing to reconsider fact issues that have supposedly been decided if the personal rights of individuals are involved.

These matters are so fundamental that a court may be very reluctant to hold that a litigant can be deprived of such rights by a prior adjudication of a controlling fact issue. Courts often feel that the interest of the public and litigants will not justify a policy that would deprive an individual of such rights without a trial-full and complete-on the matter.

The authority of federal courts to refuse enforcement of state judgments on due process grounds is beyond question.

7. It is my understanding that the doctrine of *res judicata* is not usually raised by motion. Under the federal rules, it must be raised by affirmative defense.

In conclusion, this current case is sufficiently different from the prior cases that claim preclusion should not apply. Furthermore, my due process was repeatedly violated in the prior proceedings.

Massachusetts' case by case discretionary firearms licensing laws are clearly unconstitutional under the Second Amendment and, also, probably the Fourteenth Amendment. Furthermore, they are unconstitutionally vague. I pray that this honorable court will deny defendant's motion and allow this case to move forward so that this unfair burden can be removed from the citizens of Massachusetts.

Respectfully Submitted,

_____   2/1/17
Laurence Brown, Plaintiff, pro se
20 Virginia Dr.
Bridgewater, MA 02324
508 697 4195
oursite1@hotmail.com


CERTIFICATE OF SERVICE

I hereby certify that this document was emailed to Assistant Attorney General David R. Marks today. We have previously agreed to communicate via email.

_____   2/1/17
Laurence Brown, plaintiff

Respectfully Submitted

Laurence Brown, Plaintiff, pro se 2/1/17

Bridgewater, MA 02324

508 697 4195

CERTIFICATE OF SERVICE

I hereby certify that this document was emailed to Assistant Attorney General David R. Marks today. We have previously agreed to communicate via email.

Laurence Brown, plaintiff 2/1/17