UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| LAURENCE BROWN, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 16-cv-10983-IT |
| | * | |
| MAURA HEALEY, | * | |
| | * | |
| Defendant. | * | |

MEMORANDUM & ORDER

July 7, 2017

TALWANI, D.J.

Before the court is Defendant Attorney General Maura Healey's Motion to Dismiss [#41]. For the reasons set forth below, the motion is ALLOWED.

I. Background

Plaintiff Laurence Brown brings this action against Massachusetts Attorney General Maura Healey. Pl.'s Am. Compl. [#26]. He alleges that Massachusetts' firearms licensing laws violate the Second Amendment of the United States Constitution, that Bridgewater Chief of Police Christopher Delmonte improperly used sealed and expunged records in violation of the Due Process Clause of the Fourteenth Amendment when denying Plaintiff's firearm license renewal application, and that the denial of Plaintiff's license renewal violated the Second Amendment and the Equal Protection Clause of the Fourteenth Amendment. Id. ¶¶ 9-11, 144 n.1, 147. Defendant seeks dismissal on multiple grounds, including that Plaintiff's claims are barred by res judicata.

II.     Standard

To defeat a Rule 12(b)(6) motion to dismiss, the plaintiff must allege sufficient facts "to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In passing on a motion to dismiss, the court first "distinguish[es] the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited)." Saldivar v. Racine, 818 F.3d 14, 18 (1st Cir. 2016) (quoting Cardigan Mtn. Sch. v. N.H. Ins. Co., 787 F.3d 82, 84 (1st Cir. 2015)). Next, the court "determine[s] whether the factual allegations are sufficient to support the reasonable inference that the defendant is liable." Id. (quoting Cardigan Mtn. Sch., 787 F.3d at 84)).

Affirmative defenses may be grounds for a motion to dismiss only when the facts establishing the defense are "definitively ascertainable from the allegations of the complaint, the documents (if any) incorporated therein, matters of public record, and other matters of which the court may take judicial notice" and if those facts conclusively establish the affirmative defense. In re Colonial Mortg. Bankers Corp., 324 F.3d 12, 16 (1st Cir. 2003).

III.    Analysis

When considering the preclusive effect of prior state court judgments for res judicata purposes, a federal court must apply the preclusion principles dictated by that state's laws. Goldstein v. Galvin, 719 F.3d 16, 22 (1st Cir. 2013). Under Massachusetts law, res judicata is comprised of both claim preclusion, which prevents the re-litigation of claims that have been, or should have been, previously litigated, and issue preclusion, which prevents re-litigation of previously decided issues. Kobrin v. Bd. of Registration in Med., 832 N.E.2d 628, 634 (Mass. 2005).

*A. Record*

In support of the Motion to Dismiss [#41], Defendant has submitted copies of documents from the record of proceedings in a prior state court proceeding initiated by Plaintiff.[1] The court records show that Plaintiff previously appealed Delmonte's denial of Plaintiff's request for renewal of his license in Brockton District Court, where Plaintiff argued that he was a suitable candidate for a Class A License to Carry, that Delmonte's decision was arbitrary, capricious, and an abuse of discretion and improperly considered sealed records, and that denial of his application was a Second Amendment violation. Ex. A at 2-10 [#42-1] (Plaintiff's Supplemental Memorandum filed in Brockton District Court). The Brockton District Court affirmed Delmonte's decision, Ex. B [#42-2] (Brockton District Court Memorandum of Decision), and Plaintiff appealed to the Superior Court, Ex. C at 8 [#42-3] (Plymouth County Superior Court Memorandum of Decision), where Defendant intervened, Ex. F at 2 [#42-6] (Plymouth County Superior Court Record). The Superior Court concluded that Delmonte's decision was not arbitrary or capricious, that he was entitled to consider Plaintiff's sealed and expunged records, and that Plaintiff's Second Amendment rights were not violated. Ex. C at 6-8. The Superior Court then affirmed and dismissed Plaintiff's appeal on the merits, and Plaintiff appealed to the Massachusetts Appeals Court. Ex. D at 1 [#42-4] (Massachusetts Appeals Court Decision). The Appeals Court affirmed, concluding that Delmonte had reasonable grounds to deny Plaintiff's application, that Plaintiff had not demonstrated that the decision was not arbitrary and capricious, and Plaintiff's Second Amendment argument had been considered and rejected by the Supreme

---

[1] In cases where the motion to dismiss is based on res judicata, the court may take into account records from the original action in addition to the well-pleaded facts of the complaint. Andrew Robinson Int'l, Inc. v. Hartford Fire Ins. Co., 547 F.3d 48, 51 (1st Cir. 2008) (citing R.G. Fin. Corp. v. Vergara-Nuñez, 446 F.3d 178, 183-84 (1st Cir. 2006)).

3

Judicial Court in Chief of Police of Worcester v. Holden, 26 N.E.3d 715, 715 (Mass. 2015). Ex. D at 2. Plaintiff sought review by the Supreme Judicial Court, but review was denied. Ex. E [#42-5] (Massachusetts Supreme Judicial Court Denial of Further Appellate Review).

    B. *Claim Preclusion*

  In order for claim preclusion to operate, "three elements are required . . . '(1) the identity or privity of the parties to the present and prior actions; (2) identity of the cause of action; and (3) prior final judgment on the merits.'" RFF Family P'ship, LP v. Ross, 814 F.3d 520, 531-32 (1st Cir. 2016) (quoting TLT Constr. Corp. v. A. Anthony Tappe & Assocs., Inc., 716 N.E.2d 1044, 1049 (Mass. App. Ct. 1999)). Here, the parties to the current litigation are the same as the parties in the previous state court action. Compare Pl.'s Am. Compl. ¶¶ 1-2 (naming Defendant as the defendant and Plaintiff as the plaintiff in the present action) with Ex. D (identifying Defendant as an intervening defendant and Plaintiff as the plaintiff in the previous action). In the state court, Plaintiff also raised causes of action based on Massachusetts' firearms licensing laws violating the Second Amendment, improper use of sealed records, and Delmonte's decision violating the Second Amendment. Ex. A at 2-10; Ex. C at 7.

  The only argument that Plaintiff presents here that was not litigated in state court is his claim that Massachusetts' gun licensing scheme violates the Equal Protection Clause of the Fourteenth Amendment by allowing, as he alleges, licensing decisions "solely determined by venue." Pl.'s Am. Compl. ¶ 130. However, Plaintiff's Equal Protection claim qualifies as an identical cause of action because it arises out of the same act, and seeks redress for the same wrong, as his prior state court action. Andrew Robinson, 547 F.3d at 52. Finally, the state court litigation proceeded to a final judgment on the merits once the Superior Court dismissed Plaintiff's appeal. See Fustolo v. 50 Thomas Patton Drive, LLC, 816 F.3d 1, 6 n.3 (1st Cir. 2016)

4

("[A] trial court judgment is final and has preclusive effect regardless of the fact that it is on appeal." (quoting O'Brien v. Hanover Ins. Co., 692 N.E.2d 39, 44 (Mass. 1998)); Ex. D at 2-3. Therefore, Plaintiff's asserted claims are barred by the doctrine of claim preclusion.

### C. *Issue Preclusion*

For issue preclusion to estop re-litigation of an issue, there must have been a final judgment on the merits in a prior adjudication; the party being estopped must have been a party, or in privity with a party, to that adjudication; the issue must be identical between the current and prior adjudications; and the issue must have been essential to the prior judgment. TLT Constr. Corp., 716 N.E.2d at 1049. In this case, the party being estopped – Plaintiff – was involved in the previous state court action, the issues presented by the current action are identical to those raised in the previous action, and the previous action proceeded to a final judgment on the merits. The issues pertinent to Plaintiff's claims here, namely the alleged unconstitutionality of Delmonte's decision and the Massachusetts firearm licensing laws generally, were fully litigated in the previous state court proceedings. Those issues were essential to the judgment of the prior case because, had the state court determined that the licensing laws or Delmonte's decision were unconstitutional, they could not have upheld either. See Grella v. Salem Five Cent Sav. Bank, 42 F.3d 26, 30-31 (1st Cir. 1994) ("An issue may be 'actually' decided even if it is not *explicitly* decided, for it may have constituted, logically or practically, a necessary component of the decision reached in the prior litigation."). Furthermore, the state court specifically concluded that both the law and Delmonte's decision were constitutional. See Ex. C at 7; Ex. D at 2. The court finds that Plaintiff is therefore also prevented from re-litigating these same issues now in federal court under the doctrine of issue preclusion. See TLT Constr. Corp., 716 N.E.2d at 1049.[2]

---

[2] Because the court dismisses Plaintiff's Amended Complaint on res judicata grounds, the court

5

IV.     Conclusion

For the above-stated reasons, the Motion to Dismiss [#41] is ALLOWED.

IT IS SO ORDERED.

Date: July 7, 2017                                  /s/ Indira Talwani
                                                    United States District Judge

---

does not address Defendant's alternative arguments for dismissal.